569 A.2d 997

**Robert CRENSHAW, Jr., Petitioner**

**v.**

**COMMONWEALTH of Pennsylvania, PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 8, 1989.

Decided Feb. 1, 1990.

Lester G. Nauhaus, Public Defender, with him, Shelley Stark, Chief Appellate Div., and Chris Rand Eyster, Appellate Counsel, for petitioner.

Timothy P. Wile, Asst. Chief Counsel, with him, Robert A. Greevy, Chief Counsel, for respondent.

Before CRAIG and BARRY, JJ., and BLATT, Senior Judge.

## OPINION

BARRY, Judge.

Robert Crenshaw, Jr. (Crenshaw) petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board) which denied administrative relief from a Board order recommitting Crenshaw as a technical and convicted parole violator and ordering Crenshaw to serve a total of one hundred twenty-six months on backtime. We affirm.

In 1969, Crenshaw was sentenced in the Court of Common Pleas of Allegheny County to terms of twelve to twenty-four years and six to twelve years as a result of his conviction of three counts of armed robbery. Pursuant to those sentences, Crenshaw's maximum term of confinement was to expire May 23, 1993. On June 4, 1975, then Governor Milton Shapp commuted Crenshaw's minimum sentence to an expiration date of May 23, 1979. The Board granted Crenshaw parole on these sentences on June 6, 1979. Thereafter, and while still on parole, Crenshaw was charged with various crimes and the Board declared Crenshaw delinquent on parole effective January 29, 1980.

On October 20, 1981, Crenshaw was arrested and charged by federal authorities with two bank robberies. The Board lodged its warrant and detainer against Crenshaw on November 16, 1981. Crenshaw waived a full Board violation/revocation hearing on November 24, 1981. On January 25, 1982, Crenshaw appeared in federal district court for the Western District of Pennsylvania and pleaded guilty to the federal bank robbery charges. Sentencing on these convictions was then deferred. On February 1, 1982, Crenshaw requested that his Board violation/revocation hearing be continued until the final disposition and sentencing of the federal crimes. On March 19, 1982, Crenshaw was sen-

tenced in federal court to serve twenty years for his bank robbery convictions.

In addition, on April 1, 1982, Crenshaw pleaded guilty in the Allegheny County Court of Common Pleas to robbery and theft charges and received a one to two year sentence for those convictions. Crenshaw subsequently was released to federal authorities for service of his twenty year federal bank robbery sentence. Crenshaw was paroled by federal authorities on July 22, 1988, at which time Crenshaw was transferred to the State Correctional Institution at Pittsburgh.

On August 2, 1988, Crenshaw requested a panel Board violation/revocation hearing. That hearing was held on October 6, 1988 at the State Correctional Institution at Pittsburgh. After the hearing, to which a timeliness objection was made, the Board recommitted Crenshaw as a technical and convicted parole violator to serve a total of one hundred twenty-six months on backtime. The Board also extended Crenshaw's maximum term expiration date on his original sentences to July 9, 2002. This appeal followed.

The sole issue presented for our review is whether the Board violation/revocation hearing was held in a timely fashion. For the reasons that follow, we conclude that it was.

Crenshaw contends that the Board's delay in holding Crenshaw's violation/revocation hearing was violative of the rules enunciated by the United States Supreme Court in its opinion in *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). *Morrissey* establishes that due process considerations require that a violation/revocation hearing be held in a timely fashion. Importantly, however, the responsibility for writing the code of procedures for violation/revocation hearings was left to the states in *Morrissey*. The fundamental consideration in the Supreme Court's refusal to establish a code of procedures for violation/revocation hearings was its recognition that "due process is flexible and calls for such procedural protections as

the particular situation demands". *Morrissey*, 408 U.S. at 481, 92 S.Ct. at 2600.

At all times relevant to this appeal, the Pennsylvania Code required that a revocation hearing "be held within 120 days from the date the Board received official verification of the plea of guilty or *nolo contendre* or of the guilty verdict ..." 37 Pa.Code 71.4(1). In keeping with the need for flexibility, however, this rule was not without exception. As it relates to the present action, former 37 Pa.Code § 71.5(c) provided: "If the parolee is in custody in another state, or in Federal custody, the Board may lodge its detainer but other matters shall be deferred until the parolee has been returned to a State correctional facility in this Commonwealth." [1] Accordingly, under the plain language of the Pennsylvania Code, the 120 day period within which to conduct Crenshaw's violation/revocation hearing did not begin to run until Crenshaw was released from federal custody on July 22, 1988. The Board violation/revocation hearing was held on October 6, 1988, within 120 days from the date of Crenshaw's release from federal custody.

Crenshaw argues that the Board's order cannot be upheld because the Board could have conducted the violation/revocation hearing while Crenshaw was in state custody between his sentencing in federal court on March 19, 1982, and his sentencing in the Court of Common Pleas of Allegheny County on April 1, 1982. This contention is without merit. The 120 day period contained within the Pennsylvania Code not only assures an alleged parole violator a timely hearing, but also affords the Board an opportunity to prepare its case. Were we to agree with Crenshaw in this case, it would be tantamount to reducing the period within

1. Former 37 Pa.Code § 71.5(c) was amended on January 15, 1988, effective January 16, 1988 and is now cited at 37 Pa.Code § 71.5(a). 37 Pa.Code § 71.5(a) presently provides: "If the parolee is in custody in another state, or in Federal custody, the Board may lodge its detainer but other matters may be deferred until the parolee has been returned to a State correctional facility in this Commonwealth". Under either former 37 Pa.Code § 71.5(c) or the current provision, 37 Pa.Code § 71.5(a), we believe the violation/revocation hearing in this case was timely.

which the violation/revocation hearing had to be held from 120 days to a period of less than two weeks. Such a holding would be unduly burdensome to the Board and is not mandated by either the Pennsylvania Code or due process considerations.

In the present case, Crenshaw requested deferral of his violation/revocation hearing until after sentencing in federal court on March 19, 1982. Thereafter, Crenshaw was incarcerated in federal prison from April of 1982 through July 22, 1988. Under the circumstances of this case, Crenshaw's violation/revocation hearing, held on October 6, 1988, was timely.

## ORDER

NOW, February 1, 1990, the order of the Pennsylvania Board of Probation and Parole, dated January 12, 1989, is affirmed.