**Jefferson DAVIDSON, Petitioner**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 12, 2011.

Decided Oct. 19, 2011.

John B. Lovette, Ebensburg, for petitioner.

Arthur R. Thomas, Assistant Counsel, Harrisburg, for respondent.

BEFORE: McGINLEY, Judge, and COHN JUBELIRER, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

Jefferson Davidson, a.k.a. Derrick Roberts (Petitioner),[1] petitions for review of the March 24, 2010, order of the Pennsylvania Board of Probation and Parole (Board), which recommitted Petitioner as a convicted parole violator to serve thirty months' backtime at a state correctional institution. Subsequently, the Board filed a motion to suppress Petitioner's nonconforming brief. We deny the Board's motion to suppress and affirm.[2]

On January 4, 2000, the Board paroled Petitioner from an aggregated twelve-year prison sentence with a maximum term expiration date of July 28, 2003, to an Immigration and Naturalization Service (INS)

---

**1.** Petitioner is a native Jamaican known to the Pennsylvania criminal justice system as "Jefferson Davidson"; however, he is known by the United States government as "Derrick Roberts."

**2.** This is the Board's second motion to suppress Petitioner's nonconforming brief. The first motion was granted; however, we deny the current motion to suppress Petitioner's nonconforming brief because we are able to decide the case based on Petitioner's brief and wish to avoid any further delay in the matter.

detainer, to be supervised by the State of New York.

On April 13, 2001, while Petitioner was under parole supervision in New York, agents from the United States Drug Enforcement Agency (DEA) notified the Board that they had arrested Petitioner in Pennsylvania under the name Derrick Roberts for: (1) a federal drug offense (possession of crack cocaine with intent to distribute); and (2) three federal firearm offenses (possession of firearm by convicted felon, possession of firearm with obliterated serial number and carrying a firearm during and in relation to drug trafficking). Petitioner was held at a federal detention center. Following Petitioner's guilty pleas on all four federal charges in the United States District Court for the Eastern District of Pennsylvania, Petitioner was sentenced on January 6, 2003, to serve a new 130–month term in a federal prison.

On January 21, 2003, the Board completed a Criminal Arrest and Disposition Report, which set forth that the Board was notified on April 17, 2001, of Petitioner's arrest, that Petitioner was being held at a federal detention center on new criminal charges and that bail was not posted. The report further set forth that the Board's initial recommendation was to detain Petitioner pending disposition of the new criminal charges; Petitioner was found guilty of the new criminal charges and was sentenced to 130 months in federal prison; and the Board's final recommendation was to monitor the case until Petitioner became available.

On July 17, 2003, the Board issued an arrest warrant to commit, detain and return Petitioner to the Board's custody. On December 29, 2009, the United States Bureau of Prisons released Petitioner from his federal sentences in Pecos, Texas, at which time he was eligible for return to the State Correctional Institution at Graterford (SCI–Graterford). (Recommitment Order, 3/16/2010, at 1.) On January 3, 2010, Petitioner was returned to SCI–Graterford. (Board Moves Report at 1.)

The Board held a revocation hearing concerning Petitioner's federal guilty pleas on February 9, 2010, thirty-seven days after his return to Pennsylvania. At his revocation hearing, Petitioner did not present any evidence regarding his detention pending disposition of his federal criminal charges or his conviction.

By a combined revocation decision and recalculation order of March 24, 2010, the Board recommitted Petitioner as a convicted parole violator, to serve thirty months' backtime, and recalculated his maximum term expiration date as July 22, 2013, for his aggregated twelve-year state prison sentence.

On April 12, 2010, Petitioner filed an administrative appeal of the combined revocation decision and recalculation order, which, by a determination mailed August 3, 2010, the Board affirmed. This appeal followed.[3]

■ Initially, Petitioner contends that the Board failed to notify Petitioner of its decision to detain him, as required by 37 Pa.Code § 71.3(5). We disagree.

The Board did not err in failing to apply 37 Pa.Code § 71.3, entitled "Return for a new criminal charge," which provides that:

> The following procedures shall be followed if a parolee, not already detained after appropriate hearings for other criminal charges or technical violations,

---

**3.** Our review is limited to determining whether constitutional rights were violated, whether an error of law was committed or whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

has been charged with a new criminal offense:

\* \* \*

(5) If the Board concurs with the agent's decision to detain the parolee, the parolee shall be notified of the decision in writing.

37 Pa.Code § 71.3(5). As indicated, this regulation applies only when a parolee is not already detained, and, here, Petitioner was already detained in federal prison. Thus, the regulation does not apply.

■ Next, Petitioner contends that the Board's decision to impose thirty months' backtime was an abuse of discretion because the Board never issued a written justification as to why it deviated from the presumptive range of eighteen to twenty-four months.[4] Petitioner avers that, because he violated the conditions of his parole only once, in a single criminal episode, the Board could impose only eighteen to twenty-four months' backtime. However, contrary to Petitioner's contention, the Board, in exercising its discretion, could properly consider each of Petitioner's four convictions as a separate parole violation. *Massey v. Pennsylvania Board of Probation and Parole*, 509 Pa. 256, 259 n. 8, 501 A.2d 1114, 1116 n. 8 (1985).

Next, Petitioner contends that the Board erred in relying on section 6138 of the Prisons and Parole Code (Code)[5] to recommit and recalculate Petitioner's sentence because section 6138 lacks an enacting clause. In this regard, section 1101 of the Pennsylvania Consolidated Statutes, 1 Pa.C.S. § 1101(a), cited by Petitioner, provides:

All statutes shall begin in the following style: "The General Assembly of the Commonwealth of Pennsylvania hereby enacts as follows:". Such enacting clause shall be placed immediately after the preamble or the table of contents of the statute, or if there be neither preamble nor table of contents, then immediately after the title.[6]

Here, the General Assembly has placed the required language after the table of contents for the Code. Thus, we reject Petitioner's contention that section 6138 was not properly enacted.

■ Next, Petitioner contends that the Board's recalculation of his sentence pursuant to section 6138 violated the separation of powers doctrine of the United States and Pennsylvania Constitutions because the Board, an arm of the executive branch of government, altered his judicially-imposed criminal sentence. Petitioner argues that the Board is not permitted to

---

**4.** The regulation at 37 Pa.Code § 75.1(c) provides that "[t]he Board may deviate from the presumptive range or determine that recommitment should not occur, provided written justification is given."

**5.** 61 Pa.C.S. § 6138. Section 6138 of the Code sets forth the process that occurs after a parolee violates his terms of parole in pertinent part as follows:

(a) Convicted violators.—

(1) A parolee under the jurisdiction of the board released from a correctional facility who, during the period of parole ... commits a crime punishable by imprisonment, for which the parolee is convicted or found

guilty ... may at the discretion of the board be recommitted as a parole violator.

(2) If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and shall be given no credit for the time at liberty on parole.

**6.** Petitioner mischaracterized section 1101 of the statute, stating that "[s]uch enacting clause shall be placed immediately after the preamble or the table of contents, then immediately after the title." (Petitioner's Brief at 9.)

impose backtime that exceeds the entire remaining balance of Petitioner's unexpired term. We reject this argument.

In *Young v. Pennsylvania Board of Probation and Parole*, 487 Pa. 428, 433, 409 A.2d 843, 846 (1979) (emphasis omitted), our Supreme Court answered this precise question, quoting *Ohodnicki v. Pennsylvania Board of Parole*, 418 Pa. 316, 318–319, 211 A.2d 433, 434–435 (1965), and stating in pertinent part as follows:

> "It is the Legislature and not the Parole Board that has extended the maximum, [expiration] date of his original sentence. . . .
>
> It is thus clear that the Parole Board has not, as contended by the petitioner, unlawfully extended the term of his maximum sentence, but has merely withdrawn from the petitioner credit for the time he was at liberty on parole, . . . ."

*Young* further stated:

> [S]tatutes denying credit on [a] sentence for time spent on parole, where the offender has committed and has been convicted of an offense while serving in the parole status, represents a reasonable exercise of the penological responsibility and does not offend the constitutional guarantees to the citizens of the state and this nation.

*Id.* at 435, 409 A.2d at 847. *Young* found that a statute that mandates the denial of credit to a recommitted direct violator for time spent at liberty on parole does not violate the separation of powers doctrine. *Id.* at 436, 409 A.2d at 848. Thus, in the present case, the Board did not violate the separation of powers doctrine by acting pursuant to 61 Pa.C.S. § 6138 and recommitting Petitioner as a convicted parole violator without credit for time served at liberty on parole.

Finally, Petitioner contends that the Board's revocation hearing was untimely because it was held ten years after his present conviction and, thus, violated his due process rights. Due process considerations require that a violation/revocation hearing be held in a timely fashion. *Crenshaw v. Pennsylvania Board of Probation and Parole*, 131 Pa.Cmwlth. 134, 569 A.2d 997, 999 (1990).

The regulation at 37 Pa.Code § 71.4, which has been held by this court to be constitutional,[7] sets forth the relevant procedures to be followed.

The following procedures shall be followed before a parolee is recommitted as a convicted violator:

(1) A revocation hearing shall be held within 120 days from the date the Board received official verification of the plea of guilty . . . or of the guilty verdict at the highest trial court level except as follows:

(i) If a parolee is confined outside the jurisdiction of the Department of Corrections, such as . . . confinement in a Federal correctional institution . . . , the revocation hearing shall be held within 120 days of the official verification of the return of the parolee to a State correctional facility.

Under 37 Pa.Code § 71.4, the 120–day period normally begins to run when the Board receives official notification of the conviction. However, the exception contained in 37 Pa.Code § 71.4(1)(i) allows that period to be extended, even if the Board has received verification of the conviction, if the prisoner remains in the custody of another jurisdiction. Because Pe-

---

7. *See Williams v. Pennsylvania Board of Probation and Parole*, 751 A.2d 703, 707 (Pa. Cmwlth.2000); *Harris v. Pennsylvania Board of Probation and Parole*, 38 Pa.Cmwlth. 391, 393 A.2d 510, 513 (1978).

titioner was confined outside the Board's jurisdiction in a federal correctional institution, the revocation hearing needed to be held within 120 days of the official verification of his return to the state correctional facility. The record reflects that Petitioner was available for return to state custody on December 29, 2009, that he was returned to the state on January 3, 2010, and that his revocation hearing was held on February 9, 2010, less than forty days after Petitioner's return to Pennsylvania. Therefore, the Board's hearing was timely pursuant to 37 Pa.Code § 71.4, and, thus, not in violation of Petitioner's due process rights.

Accordingly, we affirm.

## ORDER

AND NOW, this 19th day of October, 2011, the March 24, 2010, order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is affirmed. The Pennsylvania Board of Probation and Parole's motion to suppress Jefferson Davidson's nonconforming brief is denied.