# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Calvin Ledbetter,              :
           Petitioner       :
                                  :
           v.                :    No. 1209 C.D. 2015
                                  :    Submitted: June 3, 2016
Pennsylvania Board of Probation and   :
Parole,                             :
           Respondent    :

BEFORE:     HONORABLE RENÉE COHN JUBELIRER, Judge
                  HONORABLE MICHAEL H. WOJCIK, Judge
                  HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

<u>OPINION NOT REPORTED</u>

**MEMORANDUM OPINION**
**BY JUDGE COHN JUBELIRER**          **FILED: October 24, 2016**

Calvin Ledbetter (Ledbetter) petitions for review of a July 13, 2015 Decision of the Pennsylvania Board of Probation and Parole (Board) that denied Ledbetter's Administrative Appeal and affirmed its April 17, 2015 Order recommitting him as a technical parole violator (TPV) and convicted parole violator (CPV) and recalculating his maximum sentence date to September 8, 2018. Ledbetter is represented in this matter by court-appointed counsel Harry J. Cancelmi, Jr., Esquire (Counsel). Presently before this Court for disposition is Counsel's Application for Leave to Withdraw Appearance (Application to Withdraw), with

an "Anders Brief"[1] attached, which is based on his conclusions that Ledbetter's appeal lacks a basis in law or fact and is therefore without merit. For the reasons that follow, we deny Counsel's Application to Withdraw.

On January 31, 2006, Ledbetter was sentenced to serve 2 years, 6 months to 10 years in a State Correctional Institution (SCI) after pleading guilty to the manufacture, sale, delivery, or possession with intent to deliver a controlled substance. Ledbetter's original minimum release date was May 26, 2008, and his maximum release date was November 26, 2015. (Sentence Status Summary, C.R. at 1.) The Board granted Ledbetter parole on January 29, 2008, and he was released on May 28, 2008. (C.R. at 8-9.)

On January 7, 2010, Ledbetter was arrested for continued drug use and failure to respond to sanctions, and was transported to SCI-Pittsburgh. (Supervision History, C.R. at 37.) On February 23, 2010, the Board recommitted Ledbetter to a SCI as a TPV for violation of condition #5A, use of drugs. (Board

---

[1] In probation and parole cases where no constitutional right to counsel is involved, an attorney wishing to withdraw from representing a prisoner is permitted to file a no-merit letter instead of a brief in accordance with Anders v. State of California, 386 U.S. 738 (1967). Seilhamer v. Pa. Bd. of Prob. and Parole, 996 A.2d 40, 42 n.4 (Pa. Cmwlth. 2010). A constitutional right to counsel exists where a parolee presents:

> [a] colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present.

Id. (quoting Hughes v. Pa. Bd. of Prob. and Parole, 977 A.2d 19, 26 (Pa. Cmwlth. 2009)). Here, Ledbetter has no constitutional right to counsel, but does have a statutory right to counsel under Section 6(a)(10) of the Public Defender Act, Act of December 2, 1968, P.L. 1144, as amended, 16 P.S. § 9960.6(a)(10). Therefore, Counsel could have filed a no-merit letter instead of an Anders brief. We will thus treat Counsel's Anders Brief as if it were filed as a no-merit letter.

Decision, mailed Feb. 24, 2010, C.R. at 10-11.) In its recommitment decision, the Board indicated that Ledbetter would be reparoled to an approved plan upon successful completion of the parole violator therapeutic community program. (Id.) Ledbetter was reparoled and released on July 22, 2010. (C.R. at 14.) On July 30, 2010, Ledbetter was arrested by the Butler City Police after being observed selling heroin to an individual. Ledbetter's case was continued pending disposition of the outstanding charges. By decision mailed November 29, 2011, the Board recommitted Ledbetter to serve 9 months backtime as a TPV for multiple technical parole violations. (C.R. at 17-18.) On October 12, 2012, the Board reparoled Ledbetter, and he was released to his mother's home on November 20, 2012. (Board Decision, C.R. at 21.)

On April 12, 2014, Ledbetter was arrested by the Pennsylvania State Police for driving under the influence of alcohol or controlled substance (DUI)-1[st] offense, driving while operating privilege is suspended or revoked, and exceeding the maximum speed limit, and detained in Allegheny County Prison. (Criminal Arrest and Disposition Report, C.R. at 28; Police Criminal Complaint, C.R. at 31-32.) The Board issued a warrant to commit and detain Ledbetter the same day. (C.R. at 27.) At the prison, it was discovered that Ledbetter was concealing "two eight balls of cocaine, 47 stamp bags of heroin, and a small amount of marijuana" in his rectum, and additional charges were filed later. (C.R. at 28, 70.) Ledbetter posted bail the next day. (C.R. at 57.) Ledbetter was also found to have committed technical parole violations of #5a, use of drugs, as a result of the new criminal charges. (Notice of Charges and Hearing, C.R. at 40.) On April 22, 2014, Ledbetter signed a Waiver of Violation Hearing and Counsel/Admission Form, and admitted to violating the terms and conditions of his parole. (C.R. at 42-43.)

On May 12, 2014, the Board rendered a decision to detain Ledbetter pending disposition of the April 12, 2014 criminal charges, to recommit Ledbetter as a TPV to a SCI/Contracted County Jail for six months, and to reparole Ledbetter upon successful completion of prescribed programs if no misconducts, but not later than six months. (Board Decision, C.R. at 54.) The Board Decision also indicated that Ledbetter would be reparoled automatically without further action of the Board upon completion of prescribed programs and subject to certain conditions. (Id. at 55.)

On January 12, 2015, Ledbetter pled guilty to possession with intent to deliver a controlled substance, DUI-1st offense, and driving while operating privilege is suspended or revoked, and the other charges were withdrawn. (Criminal Arrest and Disposition Report, C.R. at 70.) In the Court of Common Pleas of Allegheny County, Ledbetter was sentenced to 1 to 2 years confinement in SCI-Greene plus 72 hours time served, 3 years of state-supervised probation plus an additional 6 months of county regular probation, also state-supervised, to be served concurrent with the 3 years of probation. (Order of Sentence, C.R. at 71-72.)[2] Ledbetter received 20 days credit for time served. (C.R. at 72.) The Board received official verification of Ledbetter's convictions on February 4, 2015. (C.R. at 70.)

Ledbetter signed a Waiver of Revocation Hearing and Counsel/Admission Form on February 11, 2015, and admitted to pleading guilty to the new criminal charges. By Board Decision mailed on April 17, 2015, the Board modified its May

---

[2] Ledbetter was also required to complete certain DUI-related conditions, including receive a drug and alcohol evaluation, receive a drug screening, and attend Safe Driving School. (C.R. at 72.)

4

12, 2014 decision, by deleting the reparole provision, reaffirming its prior action to recommit Ledbetter as a TPV to serve 6 months backtime, and recommitting Ledbetter to a SCI to serve a total of 36 months backtime as a CPV. (Board Decision, Apr. 17, 2015, C.R. at 116.) The Board determined that Ledbetter had 1,101 days left on his original sentence. However, prior to his reparole, Ledbetter was at liberty on parole for 589 days, from May 28, 2008 to January 7, 2010, and 8 days, from July 22, 2010 to July 30, 2010, for a total of 597 days. The Board denied Ledbetter credit for this time at liberty on parole based on his new criminal conviction. Ledbetter was given credit for 88 days, from November 3, 2008 to January 30, 2009, and 275 days, from April 12, 2014 to January 12, 2015, which left Ledbetter with 1,335 days of backtime remaining and yielded a new maximum date of September 8, 2018, based on a return to custody date of January 12, 2015. (Order to Recommit, C.R. at 114.)

Ledbetter filed a timely Administrative Appeal and Petition for Administrative Review, pro se, on May 2, 2015, challenging the recalculation of his maximum sentence date, which caused him to serve more than the balance of his original unexpired sentence, and the Board's imposition of "34 months" backtime, in violation of 37 Pa. Code §§ 75.1 and 75.2 and Davenport v. Pennsylvania Board of Probation and Parole, 656 A.2d 581 (Pa. Cmwlth. 1995). (Administrative Appeal, C.R. at 118.) Ledbetter also alleged unspecified constitutional violations and requested that an attorney be appointed to represent him.

The Board denied Ledbetter's Administrative Appeal and Petition for Administrative Review and reaffirmed its prior decision, reasoning that it had the statutory authority to recalculate Ledbetter's maximum sentence date to September

5

8, 2018, based on his recommitment as a CPV and indicating that he received no credit for all of the periods of time he spent at liberty on parole pursuant to Section 6138(a)(2) of the Prisons and Parole Code (Parole Code), 61 Pa. C.S. § 6138(a)(2). (Board Decision, July 13, 2015, C.R. at 128.) The Board also indicated that Ledbetter does have the right to counsel, but that it could not appoint counsel for him, and that Ledbetter's due process rights were satisfied. On July 16, 2015, Ledbetter filed a Petition for Review, pro se, with this Court seeking review of the Board's July 13, 2015 Decision.[3] By Order dated July 29, 2015, this Court appointed the Public Defender of Greene County to represent Ledbetter. Counsel entered his appearance on behalf of Ledbetter on August 10, 2015. (Entry of Appearance, filed August 17, 2015.) Counsel subsequently filed the Application to Withdraw, along with his No-Merit Letter, on March 21, 2016.

This Court has held that in order to withdraw, appointed counsel must file a "no-merit" letter/Turner letter, which must detail: "'the nature and extent of [counsel's] review and list each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless.'" Zerby v. Shanon, 964 A.2d 956, 961 (Pa. Cmwlth. 2009) (quoting Commonwealth v. Turner, 544 A.2d 927, 928 (Pa. 1988)). "[C]ounsel must fully comply with the procedures outlined in Turner to ensure that each of the petitioner's claims has been considered and that counsel has [] substantive reason[s] for concluding that those claims are meritless." Hont v. Pa. Bd. of Prob. and Parole, 680 A.2d 47, 48 (Pa. Cmwlth. 1996) (citations omitted). Counsel is also required to "notify the parolee of his

---

[3] Our Court's review in parole revocation cases "is limited to a determination of whether necessary findings are supported by substantial evidence, [whether] an error of law was committed, or whether constitutional rights of the parolee were violated." Johnson v. Pa. Bd. of Prob. and Parole, 706 A.2d 903, 904 (Pa. Cmwlth. 1998).

request to withdraw, furnish the parolee with [] a copy of . . . [the] no-merit letter satisfying the requirements of Turner, and inform the parolee of his right to retain new counsel or submit a brief on his own behalf." Reavis v. Pa. Bd. of Prob. and Parole, 909 A.2d 28, 33 (Pa. Cmwlth. 2006) (internal citations omitted). If these requirements are satisfied, this Court must then "conduct its own independent review of the petition to withdraw and must concur in counsel's assessment before [it] may grant counsel leave to withdraw." Hont, 680 A.2d at 48 (citation omitted). Therefore, before considering the merits of Ledbetter's appeal, we must first evaluate Counsel's No-Merit Letter and determine whether it complies with Turner.

We begin by noting that Counsel has complied with the notice requirements for no-merit letters. Counsel served Ledbetter with a copy of the No-Merit Letter, his Application to Withdraw, and this Court's March 23, 2016 Order, notifying Ledbetter that he may either obtain substitute counsel or file a brief on his own behalf. (Application to Withdraw at 2, 4; No-Merit Letter at 24; Certificate of Service, filed Apr. 13, 2016.) In his No-Merit Letter, Counsel sets forth the extensive facts and procedural history of Ledbetter's case, thus, satisfying his obligation to thoroughly review the certified record in this matter. Zerby, 964 A.2d at 960. It appears, however, that Counsel did not address all of the issues Ledbetter seeks to raise in his appeal.

Turning to the substance of Counsel's No-Merit Letter, Counsel identifies Ledbetter's argument on appeal to this Court as:

> Did the Board err in recommitting the offender to serve beyond the balance of his original unexpired term of November 26, 2015 computing his maximum date to September 8, 2018 in violation of 37

7

Pa. Code 75.1 and 2 and <u>Davenport v. Pennsylvania Board of Probation and Parole</u>, 656 A.2d 581 (Pa. Cmwlth. 1995)?

(No-Merit Letter at 17.) In the Argument section of Counsel's No-Merit Letter, Counsel identifies Ledbetter's issue on appeal as "Was [the Board]'s decision in imposing a new maximum parole violation date of March 4, 2023 [Counsel identifies March 4, 2023 as Ledbetter's new maximum parole violation date, however, Ledbetter's new maximum date is actually September 18, 2018], prohibited as an alteration of a judicially made sentence?" (No-Merit Letter at 20.) Counsel also characterizes Ledbetter's argument a third way as that

> the Board did not have the authority to recalculate his maximum sentence date by removing his street time because, pursuant to <u>Davenport</u> . . . and <u>McCauley v. Pennsylvania Board of Probation and Parole</u>, 510 A.2d 877, 879 n.8 (Pa. Cmwlth. 1986), the Board "does not have the power to alter a judicially-imposed sentence."

(<u>Id.</u>) Counsel analyzes this third issue as being without merit because the Board correctly recalculated Ledbetter's sentence by withdrawing credit for the time Ledbetter spent at liberty on parole, in accordance with Section 6138(a)(2) of the Parole Code. (<u>Id.</u> at 21.) Counsel cites to <u>Davidson v. Pennsylvania Board of Probation and Parole</u>, 33 A.3d 682 (Pa. Cmwlth. 2011) (rejecting a petitioner's argument that application of Section 6138(a) of the Parole Code is a violation of the constitutional separation of powers doctrine), as support for his contention that Ledbetter's appeal is without merit. (<u>Id.</u> at 20.) Counsel thereafter performed calculations to determine whether Ledbetter's new maximum date was correct, and concluding that it was, asserts that any challenge to that date is "frivolous." (No-Merit Letter at 22.)

However, Counsel does not address Ledbetter's argument that the Board imposed a term of recommitment, i.e., backtime, following his conviction that unlawfully extended his judicially-imposed sentence by exceeding, in the aggregate, the time he had remaining on his original sentence. In his Administrative Appeal and Petition for Administrative Review, Ledbetter states that adding 34 months of backtime onto his original maximum date of November 26, 2015, for a new maximum date of September 8, 2018, violates 37 Pa. Code §§ 75.1 and 75.2 (relating to presumptive ranges) and Davenport. (C.R. at 118.) In his Petition for Review, Ledbetter acknowledges that, as a CPV, he can be recommitted to serve the additional part of his term that he would have been compelled to serve in accordance with the presumptive ranges listed in the regulation, citing 37 Pa. Code § 75.2.[4] (Petition for Review at 2.) Nevertheless, Ledbetter asserts that:

> [t]he Board cannot recommit a [CPV] to serve more than the balance of his or her unexpired term, so much the aggregate of time served prior to parole, [and] the backtime imposed does not exceed the maximum sentence first imposed by the trial court. Merritt v. Pennsylvania Board of Probation, . . . 574 A.2d 597 ([Pa.] 1990).

---

[4] Section 75.2 of the Board's regulations provides, in pertinent part, as follows:

If the Board orders the recommitment of a parolee as a [CPV], the parolee shall be recommitted to serve an additional part of the term which the parolee would have been compelled to serve had he not been paroled, in accordance with the . . . presumptive ranges [set forth below.]

37 Pa. Code § 75.2. Various crimes have a presumptive range of backtime, with Driving Under the Influence having a range of 3 months to 6 months and certain felony violations of The Controlled Substance, Drug, Device and Cosmetic Act, Act of April 14, 1972, P.L. 233, as amended, 35 P.S. §§ 780-101 – 780-144, having a range of 24 months to 36 months. 37 Pa. Code § 75.2.

9

(Petition for Review ¶ 12.) While Counsel cites to <u>Davenport</u> and 37 Pa. Code §§ 75.1 and 75.2 in his No-Merit Letter within his quote of Ledbetter's issue, he does not do so in the context of what it appears that Ledbetter is arguing: that even if the backtime imposed is within the presumptive ranges, the Board cannot require him to serve all of the backtime if it exceeds, in the aggregate, the time remaining on his original sentence. Counsel makes no other reference to the regulations and does not include any discussion regarding presumptive ranges. Counsel likewise does not mention <u>Merritt</u>, which addresses the "aggregate" time issue. While this issue may ultimately prove to be without merit, Counsel is required to address it in his No-Merit Letter to satisfy the requirements of <u>Zerby</u>. Accordingly, we deny Counsel's Application to Withdraw.

_____
**RENÉE COHN JUBELIRER,** Judge

10

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Calvin Ledbetter,                               :
                    Petitioner                  :
                                                :
          v.                                    :   No. 1209 C.D. 2015
                                                :
Pennsylvania Board of Probation and             :
Parole,                                         :
                    Respondent                  :

## **O R D E R**

    **NOW**, October 24, 2016, the Application for Leave to Withdraw Appearance filed by Harry J. Cancelmi, Jr., Esquire (Counsel) is hereby **DENIED**, without prejudice. Counsel is granted 30 days from the date of this Order to either file a renewed application to withdraw, along with an amended no-merit letter, or submit a brief on the merits of Calvin Ledbetter's Petition for Review.

_____

**RENÉE COHN JUBELIRER,** Judge