IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lawrence C. Gray,            :
         Petitioner      :
                             :
       v.                 : No. 896 C.D. 2016
                             : SUBMITTED: November 4, 2016
Pennsylvania Board of      :
Probation and Parole,       :
         Respondent    :


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
                HONORABLE JULIA K. HEARTHWAY, Judge
                HONORABLE JOSEPH M. COSGROVE, Judge


OPINION NOT REPORTED


MEMORANDUM OPINION
BY JUDGE HEARTHWAY           FILED: August 31, 2017


       Lawrence C. Gray petitions for review of the May 6, 2016 determination of the Pennsylvania Board of Probation and Parole (Board) affirming the Board's decision of January 30, 2016, which denied Gray's request for administrative relief from his recommitment as a convicted parole violator. Discerning no error, we affirm.

       Gray is an inmate at the State Correctional Institution (SCI) Mercer. Gray was initially sentenced to 5 to 10 years for possession with intent to deliver and his maximum release date was set at January 26, 2016.

On February 23, 2011, Gray was released on parole. On June 21, 2012, Gray was arrested for criminal trespass, simple assault, and defiant trespass. Upon arrest, Gray admitted to his parole officer that he used an illegal drug and had urine in his possession to falsify his urine test. Ultimately, the Board recommitted Gray as a technical parole violator (TPV). Gray was detained at the Allegheny County jail pending the disposition of his new criminal charges. The Board credited Gray with his time on parole. Thus, his maximum release date did not change.

On June 3, 2013, Gray was again released on parole to a Community Education Center (CEC). On August 28, 2013, Gray was discharged from the CEC and moved into an approved residence. On August 5, 2014, Gray moved into a different approved residence. On September 18, 2014, Gray was arrested for possession with intent to deliver, resisting arrest, and tampering with evidence. On that same day, the Board issued a warrant to commit and detain Gray. The Board notified Gray of the charges and Gray waived his right to both counsel and a detention hearing before the Board.

On October 26, 2014, Gray pled guilty to the new criminal charges and was sentenced to 6 to 23 months imprisonment and 3 years of probation. Gray was paroled that same day, and was therefore available to the Board. On October 29, 2014, the Board notified Gray of the charges due to his new criminal conviction and Gray again waived his right to counsel and a hearing before the Board. On January 12, 2016, the Board recommitted Gray as a convicted parole violator (CPV) to serve 24 months backtime or the unexpired term of his original

sentence, whichever is shorter, and did not award Gray credit for the time he spent at liberty on parole. The Board recalculated Gray's maximum release date to October 16, 2019.[1]

On February 16, 2016, Gray filed an administrative appeal contesting the recalculation of his maximum release date. The Board, after review, affirmed the January 12, 2016 decision. Gray now petitions this Court for review.[2]

Before this Court, Gray initially contends that the Board erred in recalculating his maximum release date pursuant to Section 6138(a)(2) of the Prisons and Parole Code, 61 Pa. C.S. §6138(a)(2), which provides:

> (a) Convicted violators. –
>
> (1)   A parolee under the jurisdiction of the board released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the board be recommitted as a parole violator.
>
> (2)   If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to

---

[1] The Board added in a total of 1451 days that Gray was at liberty on parole. This time included both his initial time on parole, prior to his recommitment as a TPV, and his subsequent time on parole, prior to his recommitment as a CPV.

[2] This Court's review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

3

serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.

(2.1) The board may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole....[3]

Here, Gray was recommitted as a CPV and the Board, in its discretion, did not credit his time spent at liberty on parole.[4] This Court has previously determined that a parolee who: (1) receives credit for time served while at liberty on parole after he is recommitted as a TPV, (2) is subsequently reparoled, (3) commits a crime, and (4) is then recommitted as a CPV, loses all his credited street time from the previous parole as well as the current parole period. *See Armbruster v. Pennsylvania Board of Probation and Parole*, 919 A.2d 348, 351 (Pa. Cmwlth. 2007); and *Houser v. Pennsylvania Board of Probation and Parole*, 682 A.2d 1365, 1367 (Pa. Cmwlth. 1996). In *Houser*, this Court determined that a parolee recommitted as a CPV is properly denied credit to his maximum sentence for the time he spent at liberty on parole that he earned prior to recommitment as a TPV because:

to hold otherwise would benefit a parolee who committed a [TPV] and then received a reparole . . . by shielding him from forfeiture of the street time which preceded the technical violation, while affording no such benefit to a

---

[3] We note that Gray's contention that he did not commit a crime of violence or a crime requiring registration as referenced in 61 Pa. C.S. §6138(a)(2.1)(i), is irrelevant here because Gray was not denied credit due to either of those reasons.

[4] We note that the Board, in its Hearing Report, stated the reasons it did not credit Gray for his time at liberty on parole. (*See* Board Hearing Report at 8; R.R. at 119.) Thus, there is no question that the Board used its discretion in deciding to deny Gray credit.

4

> parolee who is free on parole for a like total period, but who commits no technical violation.

682 A.2d at 1368 (citation omitted). Thus, the Board did not err in denying Gray credit for his time at liberty on parole prior to the TPV and the CPV.

Next, Gray argues that the Board erred in denying him credit for his time at liberty on parole because the Board is without the power to alter a judicial sentence, thus violating the separation of powers doctrine.

This argument has consistently been rejected by our Courts. In *Young v. Pennsylvania Board of Probation and Parole*, 409 A.2d 843, 848 (Pa. 1979), our Supreme Court determined that the "Board's power to deny credit for 'street time' . . . is not an encroachment upon the judicial sentencing power." Further, in *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568, 570 (Pa. 1980), the Supreme Court stated that "when the Board refuses to credit a [CPV] with time spent free on parole there is neither a usurpation of the judicial function of sentencing nor a denial of the procedural safeguards to which persons are entitled." In *Davidson v. Pennsylvania Board of Probation and Parole*, 33 A.3d 682, 686 (Pa. Cmwlth. 2011), this Court agreed with *Young* and determined that "the Board did not violate the separation of powers doctrine by acting pursuant to 61 Pa. C.S. §6138 and recommitting [the p]etitioner as a [CPV] without credit for time served at liberty on parole." Thus, the Board did not violate the separation of powers doctrine when it recommitted Gray as a CPV to serve 24 months backtime or his unexpired term, whichever was shorter, without credit for any time at liberty on parole.

5

Next, Gray contends that the Board erred in calculating his backtime because he was not being held solely on the new criminal charges, but on the Board's detainer as well. We disagree.

In *Gaito*, 412 A.2d at 571, this Court determined that:

> [I]f a defendant is being held in custody solely because of a detainer lodged by the Board and has otherwise met the requirements for bail on the new criminal charges, the time which he spent in custody shall be credited against his original sentence. If a defendant, however, remains incarcerated prior to trial because he has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to his new sentence.

Here, Gray was arrested and taken into custody pending the new criminal charges and the Board filed its detainer that same day. However, Gray did not post bail on the new charges. Thus, the Board did not err in applying the time Gray was in custody due to both the new criminal charges and the Board's detainer to Gray's new sentence.[5]

Accordingly, we affirm the Board.

_____
JULIA K. HEARTHWAY, Judge

---

[5] Gray also contends for the first time on appeal before this Court that his time at the CEC and his first approved residence should be credited to his original sentence because he was in custody at those locations. However, we will not address this issue on appeal because Gray did not raise it before the Board. *See McCaskill v. Pennsylvania Board of Probation and Parole*, 631 A.2d 1092, 1094 (Pa. Cmwlth. 1993) (Stating that issues not raised before the Board on an administrative appeal are waived).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lawrence C. Gray,        :
           Petitioner     :
                         :
        v.             :   No. 896 C.D. 2016
                         :
Pennsylvania Board of      :
Probation and Parole,       :
           Respondent   :

O R D E R

AND NOW, this 31st day of August, 2017, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is affirmed.

_____
JULIA K. HEARTHWAY, Judge