# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Hakim Hankerson, :
               Petitioner :
                        :
        v. : No. 1567 C.D. 2019
                        : Submitted: May 1, 2020
Pennsylvania Board of :
Probation and Parole, :
            Respondent :

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
              HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE CHRISTINE FIZZANO CANNON, Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**              **FILED: December 10, 2020**

Petitioner Hakim Hankerson (Hankerson) petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board).[1] The Board denied Hankerson's petition for administrative relief, in which he sought to challenge the Board's recalculation of his maximum sentence date. Hankerson's counsel, Nicholas E. Newfield, Esquire (Counsel), filed an application for leave to withdraw as counsel. Counsel asserts, as expressed in his "no-merit" letter, that the issues Hankerson raises in his petition for review are without merit. For the reasons set

---

[1] Subsequent to the filing of the petition for review, the Pennsylvania Board of Probation and Parole was renamed the Pennsylvania Parole Board. *See* Sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code (Code), *as amended*, 61 Pa. C.S. §§ 6101, 6111(a).

forth below, we grant Counsel's application for leave to withdraw as counsel and affirm the Board's order.

Hankerson had been incarcerated at a state correctional institution when the Board granted him parole and released him from confinement on December 4, 2014. (Certified Record (C.R.) at 7.) At the time of his parole, Hankerson had a maximum sentence date of May 11, 2018. (*Id.*) Thereafter, on November 29, 2016, the Philadelphia Police Department arrested Hankerson and charged him with several offenses related to an incident involving simple assault and possession of a firearm. (*Id.* at 13, 20.) That same day, the Board issued a warrant to commit and detain Hankerson. (*Id.* at 15.) Hankerson did not post bail. (*Id.* at 16, 20.) By decision dated January 26, 2017, the Board detained Hankerson pending disposition of the new criminal charges. (*Id.* at 23.)

Subsequent thereto, on September 6, 2018, Hankerson pleaded guilty to possession of a firearm prohibited, and the Court of Common Pleas of Philadelphia County sentenced Hankerson to a term of incarceration of three to six years to commence on September 6, 2018, with credit for time served from November 29, 2016. (*Id.* at 24.) On September 11, 2018, Hankerson was transferred to a state correctional institution. (*Id.* at 33, 39.) The Board scheduled a parole revocation hearing for November 16, 2018, and Hankerson waived his right to both a revocation hearing and counsel. (*Id.* at 25, 29.) The Board prepared a hearing report, which the Board members signed on January 16, 2019. (*Id.* at 38.) By decision dated January 22, 2019, the Board recommitted Hankerson as a convicted parole violator to serve a period of 21 months' backtime. (*Id.* at 57.) The Board also recalculated Hankerson's maximum sentence date as June 23, 2022, and calculated Hankerson's reparole eligibility date as October 16, 2020. (*Id.*)

2

Hankerson filed a petition for administrative relief with the Board, wherein he challenged the Board's recalculation of his maximum sentence date.[2] (*Id.* at 59-73.) Specifically, Hankerson contended that the Board did not have the power to alter his judicially imposed maximum sentence date. (*Id.* at 61-66, 70-73.) Hankerson also contended that the Board did not give him credit on his original sentence for all of the time for which he is entitled. (*Id.* at 68-72.)

The Board denied Hankerson's petition for administrative relief, reasoning:

> First, the Board recalculated Hankerson's max date to June 23, 2022[,] based on his recommitment as a convicted parole violator. The decision to recommit Hankerson as a convicted parole violator gave the Board statutory authority to recalculate his sentence to reflect that he received no credit for the period he was at liberty on parole. [Section 6138(a)(2) of the Code,] 61 Pa. C.S. § 6138(a)(2). The Board denied Hankerson credit for time at liberty on parole in this instance for the reasons outlined in the decision mailed to Hankerson on January 30, 2019, satisfying *Pittman [v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466 (Pa. 2017)]. The Board advised Hankerson of this potential penalty on the parole conditions he signed on December 3, 2014. He also had constructive notice of this potential penalty via the statute. Additionally, the ability to challenge the recalculation decision after it is imposed satisfies your client's due process rights. Therefore, the Board's recalculation of Hankerson's maximum sentence date did not violate any constitutional provisions, including double jeopardy. *Young v. [Cmwlth.]*, 409 A.2d 843 (Pa. 1979); *also see Armbruster v. Pa. Bd. of Prob. & Parole*, 919 A.2d 348 (Pa. Cmwlth. 2007).
>
> Next, the Board properly recalculated Hankerson's maximum sentence. He was paroled from a state correctional institution on December 4, 2014[,] with a max date of May 11, 2018[,] leaving him with 1,254 days remaining on his sentence the day he was released. Hankerson was arrested on a [B]oard detainer and arraigned for new criminal charges in Philadelphia County on November 29, 2016.

---

[2] Hankerson submitted two separate petitions for administrative relief to the Board. First, on February 7, 2019, Hankerson filed a *pro se* petition for administrative relief. Then, on March 1, 2019, Counsel filed a petition for administrative relief on Hankerson's behalf. Both petitions raised substantially the same issues for consideration by the Board.

On September 6, 2018[,] Hankerson [pleaded] guilty at Philadelphia County docket number CP-51-CR-11370-2016 count 1. Your client subsequently waived revocation on November 13, 2018[,] by signing the PBPP72C admitting to the aforementioned conviction. Based on these facts, your client is not entitled to any pre-sentence credit for the period he was incarcerated prior to sentencing because he was not solely incarcerated on the [B]oard detainer for the period from November 29, 2016[,] to September 6, 2018. *Gaito v. Pa. [Bd.] of [Prob.] [&] Parole*, 412 A.2d 568 (Pa. 1980). Such credit must be applied to his new term and he[,] therefore[,] owed 1,254 days as a convicted parole violator.

[Section 6138(a)(5) of t]he . . . Code[, 61 Pa. C.S. § 6138(a)(5),] provides that a convicted parole violator who was released from a state correctional institution and receives a new sentence to be served in a state correctional institution must serve the original sentence first. . . . However, that provision does not take effect until the reentrant is recommitted as a parole violator. *Campbell v. Pa. [Bd.] of [Prob.] [&] Parole*, 409 A.2d 980 (Pa. 1980). Hankerson[,] therefore[,] became available to begin service of his original sentence on January 16, 2019, the day the Board voted to recommit your client as a parole violator. Adding 1,254 days to that availability date establishes a recalculated max date of June 23, 2022.

(*Id*. at 74-75.)

Hankerson then filed a petition for review with this Court. In his petition for review, Hankerson essentially sets forth the following issues for our consideration: (1) whether the Board erred by failing to provide him with credit on his original sentence for the time that he was confined in connection with his new criminal charges/sentence; (2) whether the Board erred by failing to provide him with credit for time spent at liberty on parole; and (3) whether the Board lacked the authority to alter his judicially imposed maximum sentence date.

Before evaluating the merits of Hankerson's challenge, we will first address Counsel's application for leave to withdraw from his representation of Hankerson. When no constitutional right to counsel is involved in a probation and parole case, an attorney seeking to withdraw from representing a prisoner may file a no-merit

4

letter, as compared to an *Anders* brief.[3]  *Seilhamer v. Pa. Bd. of Prob. & Parole*, 996 A.2d 40, 42 n.4 (Pa. Cmwlth. 2010).  In *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19 (Pa. Cmwlth. 2009), this Court held that a constitutional right to counsel in a probation and parole matter arises only when the prisoner's case includes:

> [a] colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present.

*Hughes*, 977 A.2d at 25-26 (quoting *Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973)). The record in this matter contains no suggestion by Hankerson that he did not commit the crime for which he pleaded guilty, nor does Hankerson suggest any reasons constituting justification or mitigation for his new criminal conviction. Thus, Hankerson has only a statutory right to counsel under Section 6(a)(10) of the Public Defender Act,[4] and a no-merit letter appropriately satisfies Counsel's responsibilities in seeking to withdraw from his representation of Hankerson.

---

[3] In *Anders v. California*, 386 U.S. 738 (1967), the Supreme Court of the United States held that in order for a criminal defendant's counsel to withdraw from representing his client in an appeal, the counsel must assert that the case is completely frivolous, as compared to presenting an absence of merit. *Anders*, 386 U.S. at 744.  An appeal is completely or "wholly" frivolous when there are no factual or legal justifications that support the appeal. *Craig v. Pa. Bd. of Prob. & Parole*, 502 A.2d 758, 761 (Pa. Cmwlth. 1985).  In seeking to withdraw, counsel must submit a petition to withdraw and a brief "referring to anything in the record that might arguably support the appeal." *Cmwlth. v. Baker*, 239 A.2d 201, 202 (Pa. 1968) (citing *Anders*, 386 U.S. at 744). The Supreme Court of Pennsylvania, however, has held that in matters that are *collateral* to an underlying criminal proceeding, such as parole matters, a counsel seeking to withdraw from his representation of a client may file a no-merit letter that includes information describing the extent and nature of the counsel's review, listing the issues the client wants to raise, and informing the court of the reasons why counsel believes the issues have no merit. *Cmwlth. v. Turner*, 544 A.2d 927, 928-29 (Pa. 1988).

[4] Act of December 2, 1968, P.L. 1144, *as amended*, 16 P.S. § 9960.6(a)(10).

In order to satisfy the procedural requirements associated with no-merit letters, counsel must: (1) notify the parolee that he has submitted to the Court a request to withdraw; (2) provide the parolee with a copy of counsel's no-merit letter; and (3) advise the parolee that he has the right to obtain new counsel or to submit to the Court a brief of his own raising any arguments that he may believe are meritorious.[5] *Reavis v. Pa. Bd. of Prob. & Parole*, 909 A.2d 28, 33 (Pa. Cmwlth. 2006). In seeking to withdraw, an attorney must include the following descriptive information in the no-merit letter: (1) the nature and extent of counsel's review of the case; (2) the issues the parolee wants to raise; and (3) the analysis counsel used in reaching his conclusion that the issues are meritless. *Zerby v. Shanon*, 964 A.2d 956, 961 (Pa. Cmwlth. 2009). Counsel's no-merit letter includes a thorough recitation of the pertinent factual and procedural history in this case, identifies the issues raised in the petition for review, discusses the key factual elements that are pertinent to the issues, and applies the holding of relevant decisions of this Court to the facts. Thus, Counsel has complied with the substantive requirements for withdrawal applications, and we will, therefore, proceed to consider the question of whether Counsel is correct in asserting that the issues that Hankerson has raised are without merit.

Hankerson's first argument is that the Board erred by failing to provide him with credit on his original sentence for the time that he was confined in connection

---

[5] Counsel served Hankerson with his application for leave to withdraw as counsel and his no-merit letter. In a separate letter to Hankerson dated January 14, 2020, Counsel advised Hankerson of his right to retain substitute counsel or to file a brief on his own behalf. In addition, Counsel served Hankerson with a copy of this Court's January 21, 2020 order, wherein this Court explained that Hankerson could obtain substitute counsel to file a brief in support of his petition for review or file a brief on his own behalf. Counsel has, therefore, complied with these procedural requirements.

with his new criminal charges/sentence. Hankerson appears to challenge the Board's failure to award him credit for two separate periods of confinement: (1) his confinement prior to sentencing on his new criminal charges—*i.e.*, November 29, 2016, to September 6, 2018; and (2) the time period during which he was confined in a state correctional institution after sentencing on his new criminal charges but before he was returned to the Board's custody and jurisdiction—*i.e.*, September 11, 2018, to January 15, 2019.

Whether a parolee is entitled to credit on his original sentence for time spent in confinement prior to sentencing on a subsequent criminal conviction depends on the nature of the parolee's confinement. When the Board has lodged a detainer and the parolee has not posted bail on his new criminal charges, such that the parolee is being confined on both the Board's detainer and as a result of the pending criminal charge, presentence confinement credit must be applied to reduce the new sentence of incarceration unless the credit would exceed that new sentence of incarceration. *Martin v. Pa. Bd. of Prob. & Parole*, 840 A.2d. 299, 306-09 (Pa. 2003). When a parolee has posted bail, however, such that he is detained solely on the Board's warrant, the Board must apply the presentence confinement credit to reduce the unserved balance of the sentence from which the parolee was paroled. *Gaito*, 412 A.2d at 571.

Similarly, whether time spent in confinement subsequent to sentencing is applied to the parolee's original sentence or to the sentence for the parolee's new criminal conviction depends upon whether the Board has recommitted the parolee. Section 6138(a)(5)(i) of the Code, 61 Pa. C.S. § 6138(a)(5)(i), provides that "[i]f a new sentence is imposed on the parolee, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the

7

new term" in cases where "a person is paroled from a [s]tate [c]orrectional [i]nstitution and the new sentence imposed on the person is to be served in the [s]tate [c]orrectional [i]nstitution." "The period of time for which the parole violator is required to serve[, however,] shall be computed from and begin on the date that the parole violator is taken into custody to be returned to the institution *as a parole violator.*" Section 6138(a)(4) of the Code, 61 Pa. C.S. § 6138(a)(4) (emphasis added). The provisions of Section 6138(a)(4), therefore, become operative only after the Board has revoked a parolee's parole. *See Barnes v. Pa. Bd. of Prob. & Parole*, 203 A.3d 382, 391 (Pa. Cmwlth. 2019). In *Barnes*, we explained:

> [I]t is well established that the requirement that a [convicted parole violator] serve the balance of his original sentence is only operative once "parole has been revoked and the remainder of the original sentence becomes due and owing." Therefore, "credit for time a [convicted parole violator] spends in custody between imposition of a new sentence and revocation of parole must be applied to the new sentence." Parole revocation occurs once a hearing examiner and Board member or two Board members sign a hearing report recommitting a prisoner as a [convicted parole violator].

*Id.* at 391-92 (internal citations omitted).

Here, Hankerson was arrested on the new criminal charges on November 29, 2016. (C.R. at 13.) The Board lodged its detainer against Hankerson on that same date. (*Id.* at 15.) Hankerson did not post bail. (*Id.* at 16, 20.) Hankerson was sentenced on the new criminal charges on September 6, 2018. (*Id.* at 24.) Thus, because he was confined on both the Board's detainer and as a result of the pending criminal charges, Hankerson's confinement between November 29, 2016, and September 6, 2018, can only be applied to his new sentence. *See Martin*, 840 A.2d at 306-09. In fact, Hankerson already received credit on his new sentence for this period of confinement at the time that he received his new sentence. (C.R. at 24.) Additionally, at the time of sentencing on the new

8

criminal charges, the Board had not yet recommitted Hankerson as a convicted parole violator. Rather, Hankerson was recommitted on January 16, 2019, the date on which the two Board members signed the hearing report. (*Id.* at 38.) Thus, following sentencing, Hankerson did not begin to serve time on his original sentence until January 16, 2019, and the period of his confinement between September 11, 2018, and January 16, 2019, must, therefore, be credited to Hankerson's new sentence at the appropriate time. Accordingly, the Board did not err by failing to provide Hankerson with credit on his original sentence for the time that he spent in confinement between his arrest on his new criminal charges and his return to the Board's custody and jurisdiction. As such, Hankerson's argument lacks merit.

Hankerson's next argument is that the Board erred by failing to provide him with credit for time spent at liberty on parole. Section 6138(a) of the Code, 61 Pa. C.S. § 6138(a), gives the Board discretion to award credit for time spent at liberty on parole.[6] When deciding not to award such credit, the Board must "provide a

---

[6] Section 6138(a) of the Code provides, in part:

(a) Convicted violators.--

> (1) A parolee under the jurisdiction of the [B]oard released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the [B]oard be recommitted as a parole violator.

> . . . .

> (2) If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.

**(Footnote continued on next page…)**

9

contemporaneous statement explaining its reason for denying a [convicted parole violator] credit for time spent at liberty on parole." *Pittman*, 159 A.3d at 475. Accordingly, so long as the Board provides a reason for denying credit for time spent at liberty on parole, it has sufficiently exercised its discretionary power. In this case, the Board explained its reason for denying Hankerson credit for his time spent at liberty on parole by indicating on the hearing report that it denied credit because Hankerson's new "conviction involved possession of a weapon." (C.R. at 34.) The Board, therefore, exercised its discretionary powers pursuant to Section 6138(a) of the Code and satisfied *Pittman* by providing Hankerson with a contemporaneous written explanation for its denial. Accordingly, the Board did not err by denying him credit for time at liberty on parole, and Hankerson's argument is without merit.

Hankerson's final argument is that the Board did not have the authority to extend his maximum sentence date because this function is one that belongs exclusively to the judiciary. Hankerson's argument has been rejected by our courts on numerous occasions. In fact, our Supreme Court has specifically stated that the "Board's power to deny credit for 'street time' . . . is not an encroachment upon the judicial sentencing power." *Young v. Pa. Bd. of Prob. & Parole*, 409 A.2d 843, 848

---

(2.1) The [B]oard may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:

(i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa. C.S. § 9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa. C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).

(ii) The parolee was recommitted under section 6143 (relating to early parole of inmates subject to Federal removal order).

61 Pa. C.S. § 6138(a).

(Pa. 1979). This maxim was reiterated in *Gaito*, where our Supreme Court opined: "[W]hen the Board refuses to credit a convicted parole violator with time spent free on parole there is neither a usurpation of the judicial function of sentencing nor a denial of the procedural safeguards to which persons are entitled." *Gaito*, 412 A.2d at 570. Further, this Court in *Davidson v. Pennsylvania Board of Probation and Parole*, 33 A.3d 682 (Pa. Cmwlth. 2011), determined that "the Board did not violate the separation of powers doctrine by acting pursuant to [Section 6138 of the Code,] 61 Pa. C.S. § 6138[,] and recommitting [the p]etitioner as a convicted parole violator without credit for time served at liberty on parole." *Davidson*, 33 A.3d at 686. It follows then that the Board, here, did not engage in a judicial function by refusing to credit Hankerson for his time spent at liberty on parole and had the authority to recalculate his original sentence to reflect the lack of credit. Thus, Hankerson's argument lacks merit.

Based on the foregoing, we agree with Counsel that Hankerson's petition for review lacks merit, and, therefore, we grant Counsel's application for leave to withdraw as counsel. Moreover, because we have concluded that Hankerson's appeal lacks merit, we affirm the Board's order.

 

 

_____
P. KEVIN BROBSON, Judge

11

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Hakim Hankerson, : 
                Petitioner : 
                : 
         v. :    No. 1567 C.D. 2019
                : 
Pennsylvania Board of : 
Probation and Parole, : 
                Respondent : 

## O R D E R

AND NOW, this 10th day of December, 2020, the application for leave to withdraw as counsel filed by Nicholas E. Newfield, Esquire, is hereby GRANTED, and the order of the Pennsylvania Board of Probation and Parole is hereby AFFIRMED.

_____

P. KEVIN BROBSON, Judge
