IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anthony Scratchard,              :
             Petitioner           :
                               :   No.  1664 C.D. 2019
             v.                :
                               :   Submitted: July 17, 2020
Pennsylvania Board of       :
Probation and Parole,       :
             Respondent     :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge[1]
               HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge

*__OPINION NOT REPORTED__*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                    FILED: January 11, 2021

       Nicholas E. Newfield, Esquire (Counsel), petitions this Court to withdraw as counsel on behalf of petitioner, Anthony Scratchard (Scratchard). Scratchard petitions for review of the order of the Pennsylvania Parole Board (Board),[2] mailed on October 11, 2019, which determined that he was properly recommitted as a convicted parole violator (CPV), and that his new maximum date was to be recalculated to

---

[1] The decision in this case was reached before January 4, 2021, when President Judge Leavitt served as President Judge.

[2] Subsequent to the filing of the petition for review, the Pennsylvania Board of Probation and Parole has been renamed the Pennsylvania Parole Board. *See* Sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code, *as amended*, 61 Pa. C.S. §§6101, 6111(a).

account for 1,038 unexpired days on his original sentence. Upon review, we grant Counsel's application for leave to withdraw and affirm the Board's decision.

**Background**

The issues with regard to Scratchard's parole stem from his 2007 guilty plea to robbery in Armstrong County, resulting in a sentence ranging from a minimum of 3 years and 4 months to a maximum of 6 years and 8 months' incarceration.[3] (Certified Record (C.R.) at 1.) At the time of sentencing, Scratchard's maximum sentencing date was May 29, 2013. (C.R. at 2.) Scratchard was paroled by Board decision recorded on November 7, 2009, and was released on July 26, 2010. (C.R. at 4-7.)

On February 5, 2013, a criminal complaint was filed against Scratchard in Westmoreland County charging him with first-degree felony robbery by threatening immediate serious bodily injury, 18 Pa. C.S. §3701(a)(1)(ii).[4] (C.R. at 14, 20.) That same day, an arrest warrant was executed against Scratchard by the New Kensington Police Department due to this alleged offense. (C.R. at 12.) The criminal docket report in relation to the charge reflects that Scratchard was arrested and as of February 6, 2013, he was confined in the Westmoreland County Prison, and did not post bail. (C.R. at 19-20.) On February 6, 2013, the Board issued a warrant to commit and detain against Scratchard. (C.R. at 18.)

---

[3] Scratchard also pled guilty to receiving stolen property and was sentenced from 1 to 2 years, to run underlapping-concurrent with his first robbery sentence.

[4] The affidavit of probable cause indicates that on February 4, 2013, Scratchard entered a bank, and presented the teller with a note stating that he had a gun and wanted $1,000.00 in cash. (C.R. at 16.) The teller complied and Scratchard left the bank with the money. (C.R. at 16-17.)

2

The Board executed a notice of charges and hearing on February 14, 2013, notifying Scratchard of an upcoming detention hearing. (C.R. at 21.) By Board action recorded on April 12, 2013, Scratchard was detained pending the disposition of his new criminal charge. (C.R. at 25-26.) By Board action recorded on January 21, 2014, Scratchard was declared delinquent, effective February 6, 2013. (C.R. at 30.) On June 28, 2017, the Board issued an order cancelling its February 6, 2013 warrant to commit and detain against Scratchard. (C.R. at 41.)

On June 20, 2018, Scratchard pled guilty to robbery by threatening immediate serious bodily injury, which is a felony in the first degree. (C.R. at 44-56.) *See* 18 Pa. C.S. §3701(a)(1)(ii), (b)(1). On June 21, 2018, Scratchard was sentenced in the Westmoreland County Court of Common Pleas to pay restitution in the amount of $1,000.00, and to serve a period of 7 to 14 years' incarceration in a State Correctional Institution (SCI) with credit for time served on his new sentence. (C.R. at 58.) A warrant to commit and detain was executed against Scratchard that same day. (C.R. at 60.) On September 19, 2018, the Board notified Scratchard of an upcoming revocation hearing to be held on September 24, 2018, due to his June 21, 2018 conviction. (C.R. at 65.) That same day, Scratchard signed a form acknowledging his rights with respect to parole revocation, waived his right to a hearing and counsel, and admitted that he was convicted of first-degree, felony robbery on June 21, 2018. (C.R. at 66-67.)

The Board executed a revocation hearing report on September 24, 2018. (C.R. 68-74.) The hearing report reflects that Scratchard's conviction was certified by the Board on June 21, 2018, and that he was physically returned to an SCI on August 23, 2018. (C.R. at 69.) The hearing report recommended that Scratchard not be given credit for his time spent at liberty on parole, due to the fact that his conviction was violent in nature. (C.R. at 70.) The report also recommended to recommit Scratchard

as a CPV to serve 36 months before he could be eligible for reparole. (C.R. at 73.) The report was signed first by the hearing examiner on September 20, 2018, and was signed by the second Board member on September 24, 2018. (C.R. at 74.) The Board issued an order on November 28, 2018, to recommit Scratchard as a CPV. (C.R. at 93.) The order reflects that Scratchard's original maximum date was May 29, 2013, and that he was available to serve time on his original sentence on September 24, 2018. *Id.* Having determined that Scratchard owed 1,038 days of backtime on his original sentence, the Board added this amount to September 24, 2018, and arrived at a new maximum date of July 28, 2021. *Id.*

Scratchard filed an administrative remedies form which was received by the Board on December 11, 2018. (C.R. at 97.) Scratchard generally alleged that the "**Board** revoked [the] backtime that [he spent in] good standing [while on parole and] **not a judge**" and therefore, Scratchard "should be entitled to the benefit of the sentence stated in open court [and] agreed upon." *Id.* (emphasis added.) By decision mailed October 11, 2019, the Board denied Scratchard's administrative appeal. (C.R at 106-07, Board's decision at 1-2.) The Board explained that Scratchard was paroled on July 26, 2010, with a maximum date of May 29, 2013, leaving him with a total of 1,038 days remaining on his original sentence at the time of parole. (Board's decision at 1.) The Board explained that it decided to recommit Scratchard as a CPV without credit for his time spent at liberty on parole. *Id.* Nor did the Board award Scratchard credit for any time period that he was incarcerated prior to his parole being revoked. *Id.* The Board concluded that Scratchard must serve the unexpired term of his original sentence first. (Board's decision at 2.) The Board explained that Scratchard did not become available to serve his original sentence until September 24, 2018, when the Board voted to recommit him. *Id.* Accordingly, the Board recalculated his maximum sentence date

4

to July 28, 2021, to reflect 1,038 unexpired days he had to serve on his original sentence. (Board's decision at 2.) Scratchard, with the assistance of appointed counsel, subsequently filed a petition for review with this Court.[5]

## Discussion

Subsequent to the filing of the petition for review, Counsel filed an application for leave to withdraw appearance. Thus, before examining the merits of Scratchard's petition for review, we must first address Counsel's application for leave to withdraw. *Seilhamer v. Pennsylvania Board of Probation and Parole*, 996 A.2d 40, 42-44 (Pa. Cmwlth. 2010). In order to withdraw, Counsel must fulfill the procedural requirements set forth in *Craig v. Pennsylvania Board of Probation and Parole*, 502 A.2d 758 (Pa. Cmwlth. 1985). Under *Craig*, counsel must notify the petitioner of his request to withdraw, furnish the petitioner with either a copy of a brief complying with *Anders v. California,* 386 U.S. 738 (1967), or a no-merit letter satisfying the requirements of *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and inform the petitioner of his right to retain new counsel or submit a brief on his own behalf. *Craig*, 502 A.2d at 760-61. For counsel to withdraw pursuant to *Anders/Turner*,

> [t]he brief or letter must set forth (1) the nature and extent of counsel's review of the case; (2) the issues the [petitioner] wishes to raise; and (3) counsel's analysis concluding that the appeal is frivolous.

---

[5] We note that Counsel first filed a petition for review *nunc pro tunc* on November 20, 2019. Subsequently, on December 9, 2019, this Court filed an order directing Counsel to file an application for leave to file a petition for review *nunc pro tunc*. Counsel filed the petition for leave to file *nunc pro tunc*, alleging administrative breakdown in the public defender's office by failing to notify Counsel of Scratchard's request for representation. The Board did not respond to the petition for leave to file *nunc pro tunc*, and on January 22, 2020, we granted Counsel's request for leave to file *nunc pro tunc*, and accepted the petition for review filed on November 20, 2019.

*Banks v. Pennsylvania Board of Probation and Parole,* 827 A.2d 1245, 1248 (Pa. Cmwlth. 2003). If counsel satisfies these requirements, this Court will conduct its own review of the merits of the case, and, if the court agrees with counsel, the Court will permit counsel to withdraw. *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009).

Where an inmate has a constitutional right to counsel, an *Anders* brief is required and withdrawal is allowed where the appeal is wholly frivolous. *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 22-26 (Pa. Cmwlth. 2009) (en banc). If there is not a constitutional right to counsel, counsel may satisfy his obligations by filing a no-merit letter, rather than an *Anders* brief, and the standard is whether the claims on appeal are without merit. *Seilhamer*, 996 A.2d 42 n.4. Because Scratchard does not have a constitutional right to counsel, we apply the lack-of-merit standard.[6]

It appears that Counsel has satisfied his duty pursuant to *Craig.* Attached to Counsel's application for leave to withdraw appearance is a letter Counsel wrote to Scratchard indicating Counsel's intention to file a petition for leave to withdraw. (Application for Leave to Withdraw Appearance, Ex. A.) The letter notifies Scratchard of his right to retain substitute counsel, and to raise any other points deemed worthy of

---

[6] A constitutional right to counsel exists in a parole revocation matter where a parolee raises

> [a] colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present.

*Hughes*, 977 A.2d at 26 (quoting *Gagnon v. Scarpelli,* 411 U.S. 778, 790 (1973)). Here, Scratchard is only seeking review of issues related to the recalculation of his maximum date and therefore, he has no constitutional right to counsel.

merit. *Id.* Counsel also attached to his application for leave to withdraw appearance a letter that he wrote to this Court addressing the merits of Scratchard's case. (Application for Leave to Withdraw Appearance, Ex. B.) The application for leave to withdraw appearance contains a certificate of service indicating that the application along with all attachments, including Counsel's letter to Scratchard, and Counsel's letter to this Court, were served on Scratchard. Furthermore, it appears that Counsel has also discharged his duties pursuant to *Turner.* Counsel's letter to this Court sets forth the nature and extent of Counsel's review of the case. Counsel's letter demonstrates that he has reviewed the record and applied the facts to applicable law. Counsel's letter addresses the same issues that were raised in the petition for review and addresses why Scratchard's contentions on appeal are meritless.

As Counsel has satisfied his duties pursuant to *Craig* and *Turner*, we turn to our independent review of Scratchard's claims.[7] On appeal, Scratchard raises two issues, under the general theory that the Board erred in its calculation of his maximum date "by setting a maximum date substantially beyond the time period which [he] can be required to serve on the underlying sentence." (Application for Leave to Withdraw Appearance, Ex. B.) Specifically, Scratchard first maintains that the Board erred in determining the order in which he had to serve his sentences, and this caused him to serve "consecutive time." *Id.* Second, Scratchard maintains that the Board did not properly credit him for time served when he was confined solely on the Board's

---

[7] Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *McCloud v. Pennsylvania Board of Probation and Parole*, 834 A.2d 1210, 1212 n.6 (Pa. Cmwlth. 2003).

detainer and that the Board's decision does not accurately reflect the periods of time during which he was incarcerated under the Board's jurisdiction.[8]

Counsel first addresses Scratchard's belief that the Board lacked the authority to alter or change a sentence imposed by a common pleas judge. Second, Counsel addresses Scratchard's belief that the Board improperly extended his maximum date by refusing to grant him credit for the time he spent at liberty on parole, and that the judiciary has the power to calculate his maximum date, not the Board. Finally, Counsel addresses Scratchard's belief that the Board's decision to recommit him violates the separation of powers doctrine and that sections 6138(a)(2) and 6138(a)(5) of the Parole Code are conflicting.

As to Scratchard's first contention, Counsel argues that this Court routinely concludes under *Young v. Pennsylvania Board of Probation and Parole*, 409 A.2d 843, 848 (Pa. 1979), that the Board does not infringe upon the judiciary's sentencing power by denying credit for time spent at liberty on parole. Counsel reiterates that the Board's requirement that Scratchard serve the unexpired term of his original sentence first, without credit for time spent at liberty on parole, is not an extension of his sentence.

As to Scratchard's second contention, Counsel states that the Board did not err in requiring Scratchard to serve his original sentence first. Specifically, Counsel

---

[8] Although Counsel states this issue as such, the legal arguments in his *Turner* letter, as described herein, do not comport with or follow this statement. It appears that Counsel actually addresses whether the Board had the power to recommit Scratchard without credit for his time spent at liberty on parole, and to recalculate his sentence. Furthermore, it does not appear that this specific issue was raised before the Board. "The law is well settled that issues not raised before the Board either at the revocation hearing or in the petitioner's administrative appeal are waived and cannot be considered for the first time on appeal." *Chesson v. Pennsylvania Board of Probation and Parole*, 47 A.3d 875, 878 (Pa. Cmwlth. 2012) (citing *Jacobs v. Pennsylvania Board of Probation and Parole*, 958 A.2d 1110 (Pa. Cmwlth. 2008)). Therefore, we will not address this issue on appeal.

maintains that under the Parole Code, Scratchard, as a CPV must serve his original sentencing before commencing service on his new sentence. Counsel recognizes that Scratchard did not become available to serve his original sentence until the Board recommitted him as a CPV. Furthermore, Counsel maintains that Scratchard was not entitled to credit for the time he spent incarcerated between his February 2013 arrest, and his parole revocation.

In support of the final issue, Counsel maintains that under *Davidson v. Pennsylvania Board of Probation and Parole*, 33 A.3d 682, 686 (Pa. Cmwlth. 2011), the Board does not violate the separation of powers doctrine by recommitting a parolee without credit for time spent at liberty on parole.

Due to the overlapping nature of the first and second issues, we can dispose of them together. Section 6138(a)(1) of the Parole Code allows the Board to recommit parolees who commit crimes punishable by imprisonment while on parole. 61 Pa. C.S. §6138(a)(1). If a parolee is recommitted as a CPV, he "shall be reentered to serve the **remainder of the term which the parolee would have been compelled to serve had the parole not been granted**." 61 Pa. C.S. §6138(a)(2) (emphasis added). Thus, upon Scratchard's recommitment as a CPV, the Board had to recalculate the amount of time Scratchard had to serve on his original sentence. Our Supreme Court has held that the Board's recalculation of a parolee's maximum sentence is not a modification of his judicially imposed sentence, but a requirement to serve his entire original sentence. *Young*, 409 A.2d at 845-48. "In exercising its power to recommit a parolee beyond the maximum date set by a sentencing court without allowing for credit for time spent at liberty on parole, the Board is not engaging in an unconstitutional usurpation of judicial power . . . ." *Ruffin v. Pennsylvania Board of Probation and*

*Parole* (Pa. Cmwlth., No. 2038 C.D. 2016, filed July 13, 2017) (unreported),[9] slip op. at 8-9 (citing *Young*, 409 A.2d at 845-48). *See also Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568, 570 (Pa. 1980); *Davidson*, 33 A.3d at 685-86. As stated in *Young*, the Board did not *extend* or modify Scratchard's judicially imposed sentence, but instead required him to serve the *remainder* of his original sentence before commencing service on his new sentence. Accordingly, we agree that the Board did not err in recalculating Scratchard's sentence, and Scratchard's contention on appeal is meritless.

Moreover, when recalculating the time a parolee is required to serve upon recommitment, "the period of time for which the parole violator is required to serve shall be computed from and begin on the date that the parole violator is taken into custody to be returned to the institution as a parole violator." 61 Pa. C.S. §6138(a)(4). This occurs once a hearing examiner and Board member or two Board members sign a hearing report recommitting a parolee as a CPV. *Wilson v. Pennsylvania Board of Probation and Parole*, 124 A.3d 767, 770 (Pa. Cmwlth. 2015); *see also Barnes v. Pennsylvania Board of Probation and Parole*, 203 A.3d 382, 391 (Pa. Cmwlth. 2019) (same). "If a new state sentence is imposed, the parolee must serve the balance of the original sentence *prior* to commencement of the new term." *Hughes v. Pennsylvania Board of Probation and Parole*, 179 A.3d 117, 120 (Pa. Cmwlth. 2018) (citing 61 Pa. C.S. §6138(a)(5)(i)).

Here, the Board's recalculation appears to be correct. Our review of the record reflects that Scratchard was released on parole on July 26, 2010. (C.R. at 7.) At that time his maximum date was May 29, 2013. *Id.* On February 5, 2013, Scratchard

---

[9] *Ruffin* is an unreported opinion. Under section 414(a) of this Court's Internal Operating Procedures, an unreported opinion may be cited for its persuasive value. 210 Pa. Code §69.414(a).

was charged with robbery by threatening immediate serious bodily harm. (C.R. at 14-17.) Scratchard was arrested and did not post bail. (C.R. at 79.) On February 6, 2013, the Board issued a warrant to commit and detain against Scratchard. (C.R. at 18.) On June 28, 2017, the Board cancelled its February 6, 2013 warrant to commit and detain.[10] (C.R. at 41.) Scratchard was sentenced on June 21, 2018, and that same day, the Board lodged another warrant to commit and detain Scratchard.[11] (C.R. at 58-60.) The hearing report reflects that on August 23, 2018, Scratchard was returned to an SCI and on September 24, 2018, the second Board member signed the hearing report revoking his parole.[12] (C.R. at 69, 74.) When Scratchard was paroled on July 26, 2018, with a maximum date of May 29, 2013, he owed 1038 days, or 2 years, 20 months, and 3 days on his original sentence. Thus, after his new sentence on June 21, 2018, of robbery by threatening immediate serious injury, the Board properly recalculated the maximum date to July 28, 2021, requiring him to serve the unexpired term on his original sentence. *Barnes*, 203 A.3d at 395; *Hughes*, 179 A.3d at 120.

Furthermore, the Board "**may**, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole." 61 Pa. C.S.

[10] On September 22, 2017, and June 1, 2018, the Board issued a 48-hour warrant to commit and detain against Scratchard. (C.R. at 42, 43.)

[11] The record indicates that on June 21, 2018, Scratchard was released from a 48-hour detainer entered on the same day, to a general warrant to commit and detain. (C.R. at 60-61.)

[12] There are some discrepancies between the dates identified by the Board and Counsel as to when certain events occurred. As a point of clarification we note the following: First, the Board maintains that it lifted its February 6, 2013 detainer on May 29, 2013. The record indicates that May 29, 2013 was Scratchard's original maximum date when he was first sentenced. Furthermore, the record indicates that the Board lifted its February 6, 2013 detainer on **June 28, 2017**. (C.R. at 41.) Second, Counsel maintains throughout its *Turner* letter to this Court that Scratchard's parole was revoked on January 16, 2019. This is also incorrect, as the record indicates that on **September 24, 2018**, the hearing report was signed by the second board member, thus revoking Scratchard's parole. (C.R. at 74.) *See Barnes*, 203 A.3d at 392.

11

§6138(a)(2.1) (emphasis added). However, section 6138(a)(2.1) of the Parole Code provides that the Board may award credit in its discretion, unless any of the following apply . . . the crime committed during the period of parole . . . is a crime of violence as defined in [section 9714(g) of the Judicial Code,] 42 Pa. C.S. §9714(g). . . ." 61 Pa. C.S. §6138(a)(2.1). Section 9714(g) of the Judicial Code identifies robbery, as defined in 18 Pa. C.S. §3701(a)(1)(ii), as a "crime of violence."

Here, while on parole, Scratchard was convicted of robbery, a felony of the first degree. (C.R. at 58-59.) Scratchard was sentenced to 7 to 14 years' incarceration to be served in an SCI. *Id.* On September 24, 2018, the Board recommitted Scratchard as a CPV, for his new robbery conviction without giving credit for his time spent at liberty on parole. (C.R. at 73-74.) While Scratchard claims he should have been awarded credit for the time he spent at liberty on parole, the Board denied Scratchard credit on the grounds that Scratchard was convicted of robbery, the offense for which he was originally paroled, and his conviction was the result of a violent crime. (C.R. at 70.) For the aforementioned reasons, the Board chose not to award Scratchard credit. 61 Pa. C.S. §6138(a)(2.1). However, we note that the Board could not have granted Scratchard credit due to the nature of his subsequent robbery conviction which occurred while he was on parole. Scratchard was convicted of robbery as defined by 18 Pa. C.S. §3701(a)(1)(ii).[13] (C.R. at 66-67.) Thus, he was precluded from receiving credit for the time he spent at liberty on parole.

To the extent that Scratchard argues that section 6138(a)(2) and section 6138(a)(5) of the Parole Code are in conflict, we have recently explained that

---

[13] Specifically, Scratchard was convicted of robbery by threatening immediate serious bodily injury, a first-degree felony. *See* 18 Pa. C.S. §3701(a)(1)(ii) ("A person is guilty of robbery if, in the course of committing a theft, he: . . . threatens another with or intentionally puts him in fear of immediate serious bodily injury.").

> [s]ection 6138(a)(2) and [s]ection 6138(a)(5) of the [Parole] Code are not in conflict. Section 6138(a)(2) and [s]ection 6138(a)(2.1) of the [Parole] Code mandate that convicted parole violators must serve the remainder of their original term upon recommitment but give the Board discretion to award credit for street time; whereas, [s]ection 6138(a)(5) sets forth the order in which the earlier and any new or subsequent sentence is to be served. We perceive no conflict between these statutory provisions.

*Thompson v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 26 C.D. 2018, filed May 31, 2019) (unreported). Thus, Scratchard's contention in this regard also fails.

With regard to the second and final issue, to the extent that Scratchard alleges that the Board violated the separation of powers doctrine by recommitting him as a CPV without credit, this argument must also fail. In *Davidson*, this Court held that the Board did not violate the separation of powers doctrine when it was "acting pursuant to 61 Pa.C.S. §6138 and recommit[ted] [a parolee] as a [CPV] without credit for time served at liberty on parole." 33 A.3d at 686 (citing *Young*, 409 A.2d at 848). Therefore, we agree with Counsel that his assertion of error lacks merit.

Accordingly, for the aforementioned reasons, we affirm the decision of the Board, and grant Counsel's application for leave to withdraw appearance.

_____
PATRICIA A. McCULLOUGH, Judge

13

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anthony Scratchard,            :
         Petitioner       :
                         :  No. 1664 C.D. 2019
         v.              :
                         :
Pennsylvania Board of       :
Probation and Parole,       :
         Respondent    :

## ORDER

AND NOW, this 11th day of January, 2021, the order of the Pennsylvania Parole Board, mailed on October 11, 2019 is AFFIRMED and Nicholas E. Newfield, Esquire's Application for Leave to Withdraw Appearance is GRANTED.

 

_____
PATRICIA A. McCULLOUGH, Judge